IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| *PAÚL CAMARENA*, | ) |
|     Plaintiff, | ) |
| | ) |
| *v.* | ) |
| | ) |
| *FINANCIAL ASSET MANAGEMENT* | ) |
| *SYSTEMS, INC.*, | ) |
|     Defendant. | ) |

## COMPLAINT

Plaintiff Paúl Camarena, on his own behalf and, as to Count One only, for all others similarly situated, respectfully complains as follows:

### Introduction.

1)   The Fair Debt Collection Practices Act prohibits a debt collector to call a consumer with the intent to annoy, to communicate with third-parties about the consumer's debt, and to continue collection activities before the debt collector mails verification when the consumer disputes the debt.  In the case at bar, the Debt Collector-Defendant Financial Asset Management Systems, Inc. violated these prohibitions of the FDCPA.

### Jurisdiction.

2)   Pursuant to 28 U.S.C. § 1331, this Honorable Court has jurisdiction over this case because this case arises under the laws of the United States.

### Parties.

3)   Plaintiff Paúl Camarena is a "consumer" as that term is defined in the Fair Debt Collection Practices Act at 15 U.S.C. § 1692a(3).

4)   The Defendant Financial Asset Management Systems, Inc. is a "debt collector" as that term is defined in the Fair Debt Collection Practices Act at 15 U.S.C. § 1692a(6), because the

Defendant's business' principal purpose is the collection of debts and because the Defendant regularly attempts to collect debts owed another.

5) The Defendant Financial Asset Management Systems, Inc. is also a Corporation incorporated in the State of Georgia and headquartered near Atlanta, Georgia.

### Factual Allegations.

6) The Debt Collector-Defendant Financial Asset Management was contracted by a creditor that alleges that Plaintiff Paúl Camarena owes a debt, which Plaintiff Mr. Camarena incurred to pay for rent and food.

7) Upon information and belief, the Debt Collector-Defendant Financial Asset Management contracted a third-party vendor to print, package, and forward the Defendant's dunning letter to Mr. Camarena.

8) The Debt Collector-Defendant Financial Asset Management has also attempted to collect on this debt by calling Mr. Camarena.

9) The Debt Collector-Defendant Financial Asset Management has continued to call Mr. Camarena even after Mr. Camarena communicated to the Defendant that he would refuse to communicate about the debt with the Defendant.

10) The Debt Collector-Defendant Financial Asset Management called Mr. Camarena and continued to communicate with Mr. Camarena even when the Defendant knew that the time was inconvenient to Mr. Camarena because his family required his attention.

11) The Debt Collector-Defendant Financial Asset Management called Mr. Camarena and falsely asserted that the Defendant's efforts to collect from Mr. Camarena were supported by the Better Business Bureau.

12) The Debt Collector-Defendant Financial Asset Management has additionally attempted to

collect on this debt by calling and communicating with third-parties (including Mr. Camarena's family), while Mr. Camarena was inside the United States District Court for the Northern District of Indiana, Hammond Division.

13) The Debt Collector-Defendant Financial Asset Management has called and communicated with individual third-parties (including Mr. Camarena's family) to acquire location information about Mr. Camarena more than once.

14) Within thirty-days of the Debt Collector-Defendant Financial Asset Management's initial communication with Mr. Camarena, Mr. Camarena notified the Defendant in writing that he disputed the debt, but the Defendant never mailed any debt verification to Mr. Camarena.

15) Nevertheless, the Debt Collector-Defendant Financial Asset Management continued its collection activities, while Mr. Camarena was inside the United States District Court for the Northern District of Indiana, Hammond Division.

16) The Debt Collector-Defendant Financial Asset Management's calls to Mr. Camarena were pestiferous to him.

17) The Debt Collector-Defendant Financial Asset Management's calls to third-parties, the Defendant's false statement to Mr. Camarena, and the Defendant's failure to mail any debt verification caused Mr. Camarena to interrupt his work as a self-employed federal litigator to attend to the Defendant's violations.

### Causes of Action.

#### Count One  (15 U.S.C. § 1692c(b)).

18) The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692c(b), states that "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer." Subsection 1692c(b) is violated when a debt collector forwards

information about a consumer's debt to a third-party vendor that prepares and forwards dunning letters to the consumer. *Hunstein v. Preferred Collection*, 994 F.3d 1341, 1352 (11th Cir. April 21, 2021) ("because [debt collector] Preferred's transmittal of [consumer] Hunstein's personal debt-related information to [third-party vendor] Compumail constituted a communication 'in connection with the collection of any debt' within the meaning of § 1692c(b)'s key phrase, Hunstein adequately stated a claim").

19) The Debt Collector-Defendant Financial Asset Management violated Subsection 1692c(b) by transmitting Mr. Camarena's personal debt information to a third-party vendor.

### Count Two  (15 U.S.C. § 1692d(5)).

20) The Fair Debt Collection Practices Act, in 15 U.S.C. § 1692d, provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse." Subsection 1692d(5) specifically prohibits "engaging any person in telephone conversation repeatedly or continuously with intent to annoy."

21) The Debt Collector-Defendant Financial Asset Management violated Subsection 1692d(5) by continuing to engage Mr. Camarena in telephone conversation repeatedly even after Mr. Camarena advised the Defendant that he would refuse to communicate about the debt with the Defendant.

### Count Three  (15 U.S.C. § 1692c(a)(1))

22) The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692c(a)(1), states that "a debt collector may not communicate with a consumer … at … a time or place known or which should be known to be inconvenient to the consumer."

23) The Debt Collector-Defendant Financial Asset Management violated Subsection 1692c(a) by continuing to communicate with Mr. Camarena even after the Defendant knew that the time

was inconvenient to Mr. Camarena because his family required his attention.

## Count Four  (15 U.S.C. § 1692e)

24)     The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692e, states that a "debt collector may not use any false, deceptive, or misleading representation."

25)     The Debt Collector-Defendant Financial Asset Management violated Section 1692e by falsely representing that the Defendant's efforts to collect from Mr. Camarena were supported by the Better Business Bureau.

## Count Five  (15 U.S.C. § 1692c(b))

26)     The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692c(b), states that "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer."

27)     The Debt Collector-Defendant Financial Asset Management violated Subsection 1692c(b) by calling and communicating, in connection with the collection of Mr. Camarena's alleged debt, with third-parties (including Mr. Camarena's family).

## Count Six  (15 U.S.C. § 1692b(3))

28)     The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692b(3), states that "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall ... not communicate with any such person more than once."

29)     The Debt Collector-Defendant Financial Asset Management violated Subsection 1692b(3) by calling and communicating with individual third-parties (including Mr. Camarena's family) to acquire location information about Mr. Camarena more than once.

<u>Count Seven  (15 U.S.C. § 1692g(b).</u>

30) The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692g(b), states that, "[i]f the consumer notifies the debt collector in writing … that the debt … is disputed ... the debt collector shall cease collection of the debt ... until … verification ... is mailed to the consumer."

31)  The Debt Collector-Defendant Financial Asset Management violated Subsection 1692g(b) by continuing its collection activities without mailing any debt verification, despite Mr. Camarena's writen notification that he disputed the debt.

## As to Count One Only - Class Allegations

32) Plaintiff Mr. Camarena brings this count on his own behalf and for all others similarly situated who had their debt information transmitted to a third-party vendor by the Defendant.

33) Upon information and belief, the Defendant, in attempting to collect debts, regularly contracts third-party vendors to print, package, and forward the Defendant's dunning letters to consumers.

34) The class is so numerous that joinder of all members would be impracticable because, upon information and belief, class members number into the thousands or more.  According to the Defendant's website, the Defendant has mailed more than 1,000,000 letters.

35) The class' common questions of fact and law (whether the Defendant used a third-party vendor and whether such use violates the FDCPA) predominate over any individual issues.

36) Mr. Camarena's claim (that the Defendant communicated his debt information to a third-party and that he is entitled to statutory damages) is typical for the class.

37) Mr. Camarena will fairly and adequately protect the class' interests.  Mr. Camarena does not have any interest adverse to the class and he is an experienced FDCPA and class action litigator.  Should the Court hold that Mr. Camarena cannot serve as class representative while

serving as class counsel, he will promptly find a substitute representative or counsel.

38) This class action would be superior to other methods for fairly and efficiently adjudicating the controversy because, *inter alia*, the Court and the parties can likely manage the class action without unusual difficulty, as the class issues are not complex.

## **Prayer for Relief.**

WHEREFORE, Plaintiff Paúl Camarena respectfully prays that this Court holds a trial by jury and enters judgment in his favor (and against Defendant Financial) for his actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

Respectfully submitted,
Plaintiff Paúl Camarena

*Paúl Camarena*
_____
Paúl Camarena